### DOYLE v. CITY OF ST. PETERSBURG, et al.
### No. 50,376.

Circuit Court, Pinellas County.

February 11, 1959.

42

Richard T. Earle, Jr., Askew, Earle & Holley, St. Petersburg, for plaintiff.

Carl R. Linn, Assistant City Attorney, for defendants.

ORVIL L. DAYTON, Jr., Circuit Judge.

Plaintiff William H. Doyle, since 1946 an electrical contractor doing business under a certificate of competency as a master electrician in the city of St. Petersburg and engaged in the business of electrical contracting, was convicted in the municipal court of two violations of city ordinances with reference to the obtaining of permits and method of installation of electrical wiring. He was fined the total sum of $175 and paid the fine.

After his conviction he was directed to appear before the board of electrical examiners of the city of St. Petersburg to show cause why his certificate of competency should not be revoked as the result of his conviction in the municipal court. Following a hearing the plaintiff was notified that his certificate of competency as a master electrician had been revoked, and that under ordinance 43-D of the city of St. Petersburg he must cease doing business in the city of St. Petersburg.

Plaintiff now brings this action by bill in equity seeking to enjoin the city of St. Petersburg from prohibiting him from engaging in his trade as a master electrician, alleging the unconstitutionality of ordinance 43-D in that the state of Florida has not delegated unto the city of St. Petersburg, as shown by its city charter, the right or authority to regulate the business of electricians and electrical contractors.

The city has moved to dismiss plaintiff's complaint on the ground that the court lacks jurisdiction of the subject matter and that the complaint fails to state a cause of action.

Section 3(v) of the city charter of the city of St. Petersburg authorizes the city to "regulate the wiring for lighting, power, heating or other purposes". It is contended by the city that although the authority to regulate the business of electricians is not expressly set forth in the charter, such authority is inherent in the authority delegated by section 3(v) supra, and that such authority must be necessarily implied in order that the authority so delegated may be properly administered.

The question, therefore, to be determined by this court is—"Absent express delegated authority from the state of Florida to the city of St. Petersburg to regulate the business of electricians

and electrical contractors, is such authority necessarily implied from the delegated authority 'to regulate wiring for lighting, power, heating or other purposes' "?

There is no question as to the necessity for the enforcement of regulations concerning the method of installing electrical wiring for the protection of the general public from fires and other hazards inherent in the use of electricity. There is, likewise, no question but that under the terms of the city charter the city has the authority to require conformity to such safety standards as the city may deem advisable in the installation of electrical wiring. The city may properly refuse to authorize connection with any source of electrical energy until such time as the electric wiring installed in any building conforms to the standards of efficiency and safety established by the city.

The rule is well settled that where certain powers are expressly delegated, those not expressly delegated must be deemed to be excluded. If a doubt exists as to the city's authority to exercise certain powers, such doubt must be resolved against the city for the reason that the courts will not enforce doubtful municipal powers unless it is made clearly to appear that such power is of necessity inherent in some power expressly delegated for the proper administration of such delegated power.

In the case at bar, it appears to be the reasonable construction of the language appearing in the city charter, to-wit—"To *regulate the wiring* for lighting, power, heating or other purposes" (emphasis supplied) that such language indicates the concern of the city for the manner in which electrical wiring is installed in order that such installation may conform to the city's standards of efficiency and safety.

The language "To *regulate the wiring* for lighting, power, heating or other purposes", (emphasis supplied) means simply that the city is concerned with, "How was the wiring done?", and not with "Who did the wiring?".

The right to contract is a valuable property right and falls within the constitutional guarantee of freedom from arbitrary or capricious restraint. The right to contract is subject to reasonable restraints in the interests of public safety and welfare. As expressed in the city charter, the method of enforcing the ordinance of the city of St. Petersburg is by fine and imprisonment. No other form of enforcement appears in the city charter. The authority of the city to declare the forfeiture of a license to carry on a business, trade or occupation must be clearly and expressly conferred by delegation of authority from the state of Florida to the city.

44

It therefore appears that the action of the board of electrical examiners in revoking plaintiff's license was ultra vires and without authority, and that until such time as the state expressly delegates such authority to revoke such license and certificate of competency upon the grounds set forth herein, such action must be deemed arbitrary, ultra vires and without authority.

The motion of the city will therefore be denied. An appropriate decree may be prepared from this opinion.